IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ronald J. Ferguson, ) | |
| ) | Civil Action No. 6:14-1213-GRA-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| County of Greenville, South Carolina, ) | |
| Greenville County Soil & Water ) | |
| Conservation District; Harold Moon; ) | |
| A.J. Hamam; Kirsten Robertson and ) | |
| Doctor Robert Hanley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion to dismiss (doc. 13) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The plaintiff is proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters involving litigation by individuals proceeding *pro se* are referred to a United States Magistrate Judge for consideration.

The plaintiff is the owner of a residential lot in Greenville County, South Carolina. The defendants are Greenville County and its employees Harold Moon and A.J. Hamam, and the Greenville County Soil and Water Conservation District ("GCSWCD") and its officials Kirsten Robinson and Doctor Robert Hanley. The plaintiff alleges the defendants have violated the Federal Water Pollution Control Act, commonly referred to as the Clean Water Act ("CWA"), and his constitutional rights by impeding the development of his lot and failing to take enforcement action against a neighboring landowner.

**FACTS PRESENTED**

The plaintiff's amended complaint (doc. 18) alleges the following: in 2012 the plaintiff retained a licensed builder to develop his residential lot in the Mill Creek Estates subdivision in Greenville County. After work began, a nearby landowner, Michael C.

Stehney, Jr., complained to county authorities that run-off from the construction site was polluting his pond. A county stop-work order was issued, and the plaintiff was required to obtain a permit and make certain corrections before work could resume. While attempting to resolve these issues, the plaintiff learned that Stehney's pond was within the Huff Creek Watershed, a "federally protected wetland area," and as such its construction should never have been allowed by the defendants in the first place. Additionally, he claims that Stehney's pond drain causes erosive damage by discharging overflow pond water onto the banks of Ray Branch, a navigable water subject to the CWA. Accordingly, because the defendants have refused to take enforcement action against Stehney, the plaintiff alleges they are violating federal law at his expense and to the detriment of the affected wetlands and waterway.

## ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate claims. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir.1999). Unless a matter involves an area of a federal court's exclusive jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treatises of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states," 28 U.S.C. § 1332(a)(1). In reviewing a motion to dismiss under Rule 12(b)(1), the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Rule 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the

claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id*. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and view them in the light most favorable to the non-moving party. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991).

In analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Kensington Volunteer Fire Dept., Inc. v. Montgomery County, Md.*, 684 F.3d 462, 467 (4th Cir. 2012) ("Courts may also consider any documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'") (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

***Clean Water Act***

The CWA, 33 U.S.C. § 1251, *et. seq.*, prohibits the discharge of pollutants into "navigable waters" of the United States, including rivers, streams, and most wetlands. 33

3

U.S.C. § 1362(7); 33 C.F.R. § 328.3(a), (b); *see also* 40 C.F.R. § 230.3(s).  A citizen may bring suit pursuant to the CWA, but only in limited circumstances, and only after providing the statutory requisite notice of the alleged violation.  The relevant provisions of the CWA's jurisdictional statute are as follows:

> (a) Authorization; jurisdiction
>
> Except as provided in subsection (b) of this section ..., any citizen may commence a civil action on his own behalf--
>
>> (1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or
>>
>> (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.
>
> (b) Notice
>
> No action may be commenced--
>
>> (1) under subsection (a)(1) of this section--
>>
>>> (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order...
>>
>> (2) under subsection (a)(2) of this section prior to sixty days after the plaintiff has given notice of such action to the Administrator....

33 U.S.C. § 1365.  As applied here, the "Administrator" is defined as the Administrator of the Environmental Protection Agency ("EPA"). 33 U.S.C. § 1251(d).

The plaintiff's amended complaint is silent as to whether he provided the required notice of the alleged CWA violation to the Administrator of the EPA.  Without such

pre-suit notice, this court lacks subject matter jurisdiction to consider the plaintiff's CWA claims.  In his response in opposition to dismissal (doc. 27), the plaintiff argues that the defendants are "Administrators" for purposes of notice and that they well knew of the CWA violations due to his efforts with them to take action against Stehney.  He relies on a definition of the term "Administrator" in Title 40 of the Code of Federal Regulations, Section 104.2(b), to include "any person who shall by operation of law be authorized to carry out [the EPA Administrator's CWA enforcement] functions."  However, as argued by the defendants, the definition cited by the plaintiff only pertains to a certain section of the Code of Federal Regulations, "Public Hearings on Effluent Standards for Toxic Pollutants," which is inapplicable here. The controlling definition for "Administrator" here is that contained in the CWA itself in § 1251(d).  Accordingly, because the plaintiff's complaint fails to allege his compliance with the CWA's pre-suit notice requirement to the Administrator of the EPA, it is subject to dismissal.

### Section 1983

Although the individual defendants are subject to suit under Section 1983, *West v. Atkins*, 487 U.S. 42, 50 (1988) ("Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."), this court should decline to hear this case based on abstention principles.  Abstention refers to the doctrines that prohibit federal courts from rendering a judgment, even if the justiciability and jurisdictional requirements are met.  "The authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996). The Supreme Court has held, "federal courts many decline to exercise their jurisdiction in otherwise exceptional circumstances where denying a federal forum would clearly serve an important countervailing interest, for example, where abstention is warranted by considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration." *Id*. at 716 (internal quotation marks and citations omitted).

This court should not adjudicate the plaintiff's land use disputes with his neighbor or his dispute with the Soil and Conservation District because the *Burford* abstention is appropriate in this case. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Browning Ferris, Inc. v. Baltimore Cnty, Maryland*, 774 F.2d 77, 79–80 (4th Cir. 1985); and *Hula Dogs 2, LLC v. Town of Hollywood*, Civil Action No. 2:11-452-DCN, 2011 WL 3300032, at *3 (D.S.C. Aug. 1, 2011). As noted by this court, "*Burford* abstention is applicable in instances where the federal court is sitting in equity and the court declines to hear the case to avoid interference with the proceedings or orders of state administrative agencies where timely and adequate state court review is available to the parties." *Stogsdill v. Keck*, Civil Action No. 3:12-cv-0007-JFA, 2014 WL 5822782, at *11 (D.S.C. Nov. 10, 2014) (footnote omitted). Abstention under *Burford* is appropriate: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of public concern. *New Orleans Pub. Serv. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989). Abstention under *Burford* is also warranted when deference is due to a State when claims in an action implicate issues concerning a specialized and important state regulatory scheme. *Stogsdill v. Keck*, 2014 WL 5822782, at *11. In light of the Soil and Conservation District's authority over water and land use matters, federal interference in such matters is not warranted. *See Johnson v. Collins Entm't Co.*, 199 F.3d 710, 719 (4th Cir.1999) ("Basic abstention doctrine requires federal courts to avoid interference with a state's administration of its own affairs."); *cf. Alabama Pub. Serv. Comm'n v. Southern Ry.*, 341 U.S. 341, 349–51 (1951) (*Burford* abstention appropriate notwithstanding assertion of a federal constitutional claim).

Moreover, in light of the plaintiff's pending litigation in state court with his neighbor (Michael Stehney, Jr.) and the neighborhood association, which the plaintiff (a defendant in the two state court actions) has attempted to remove to federal court,[1] abstention is also warranted under the doctrine of *Colorado River* abstention. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); and *Stogsdill*, 2014 WL 5822782, at *9 ("*Colorado River* abstention allows a court to refrain from hearing a federal case that mirrors an ongoing state court case.") (footnote omitted).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that defendants' motion to dismiss (doc. 13) be granted. The attention of the parties is directed to the notice on the next page.

IT IS SO RECOMMENDED.

Kevin F. McDonald
United States Magistrate Judge

December 12, 2014
Greenville, South Carolina

---

[1] *See Hatcher v. Ferguson*, Civil Action No. 6:14-3820-GRA-KFM and *Stehney v. Ferguson*, Civil Action No. 6:14-3876-GRA-KFM, in which the undersigned has filed reports recommending remand of the cases to state court.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).