UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ronald J. Ferguson, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:14-CV-01213-GRA |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| County of Greenville, South Carolina; | ) | (Written Opinion) |
| Greenville County Soil and Water | ) | |
| Conservation District; Harold Moon; | ) | |
| A.J. Hamam; Kirsten Robertson; and | ) | |
| Doctor Robert Hanley, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before this Court for review of Defendant's Motion to Dismiss, the United States Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B), and Plaintiff's Motion for Joinder. ECF Nos. 13, 35, 39. After a *de novo* review and for the reasons set forth below, the Report and Recommendation is ADOPTED IN PART, the Motion to Dismiss is GRANTED, and the Motion for Joinder is DENIED as moot.

## BACKGROUND

Plaintiff is the owner of a residential lot in Greenville County, South Carolina. ECF No. 18 ¶ 10. In December 2012, his licensed builder began excavating the site for a dwelling. *Id.* ¶ 16. Shortly thereafter, a neighboring landowner, Michael C. Stehney, Jr., complained to Greenville County officials that run-off from the construction site was polluting his pond. *Id.* ¶¶ 17, 21. Greenville County issued a stop-work order and required Plaintiff to obtain a permit and make certain corrections before work could resume. *Id.* ¶¶ 18, 25, 27. While attempting to resolve these issues, Plaintiff learned

that Stehney's pond was created using berms and filled via an underground pipe attached to storm water collection basins. *Id.* ¶¶ 41, 46-51. Plaintiff claims the pond was wrongfully constructed on a federally protected watershed, causes erosion, and discharges into Ray Branch, a navigable water subject to the Clean Water Act. *Id.* ¶¶ 45, 52-53. Although Plaintiff contacted Defendants about the pond, they refused to take action. *Id.* ¶¶ 34, 67-69.

In essence, Plaintiff claims that Defendant's "tacit approval" and failure to take action against Stehney for constructing the pond and discharging into a navigable water "violate[s] laws of the State of South Carolina, as well as federal law." *Id.* ¶¶ 85. According to Plaintiff, Defendants knew or should have known that Stehney required a permit to discharge his pond into Ray Branch. *Id.* ¶ 86. Further, Defendants "knew or reasonably should have known that their actions and practices towards Plaintiff violate the 4th, 5th, and 14th Amendments of the U.S. Constitution," and "knew or reasonably should have known that berms were erected within the watershed and cause flooding of neighboring properties in contravention of [S.C. Code §] 49-11-10." *Id.* ¶¶ 88, 90. Plaintiff seeks damages, a declaratory judgment, and injunctive relief. *Id.* at 10-11.

On April 1, 2014, Plaintiff filed suit in this Court. ECF No. 1. On April 24, 2014, Defendants filed the pending Motion to Dismiss. ECF No. 13. Thereafter, Plaintiff filed an Amended Complaint, and Defendants filed a memorandum renewing their arguments that the case should be dismissed. ECF Nos. 18, 25. Plaintiff then filed a response in opposition of dismissal, and Defendants replied. ECF Nos. 27, 34. The Magistrate Judge issued a Report and Recommendation, concluding that this case should be dismissed. ECF No. 35. Plaintiff filled Objections, as well as a Motion for

Joinder, ECF Nos. 39, 41, to which Defendants responded, ECF Nos. 40, 43. These matters are now ready for ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845–47 & nn.1–3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In addition, Plaintiff is proceeding *pro se*. A pleading filed *pro se* is "to be liberally construed," and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). However, a district court may not construct the plaintiff's legal arguments for him and is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted). "Only those questions which are squarely presented to a court may properly be addressed." *Id.*

## DISCUSSION

### I. Clean Water Act Claims

The Court adopts the Report and Recommendation with respect to dismissal of Plaintiff's claims under the Clean Water Act for failure to provide the pre-suit notice required by 33 U.S.C. § 1365(b). *See* ECF No. 35 at 3-5. As that notice is a mandatory condition precedent, Plaintiff's failure to allege or otherwise show that the notice was provided requires dismissal of the Clean Water Act claims. *See Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 399 (4th Cir. 2011) ("[C]ompliance with the notice and delay provisions of § 1365(b)(1)(A) of the Clean Water Act is a mandatory condition precedent to the commencement of a suit under this Act."); *Nat'l Envtl. Found. v. ABC Rail Corp.*, 926 F.2d 1096, 1096 (11th Cir. 1991) (affirming dismissal of Clean Water Act claims for failure to comply with the notice requirement).

In Plaintiff's Objections, he informs the Court that he "has prepared" a Second Amended Complaint in which he alleges that notice was provided to the Environmental

Protection Agency in May 2014.[1]  ECF No. 41 at 2.  However, Plaintiff never formally filed a Second Amended Complaint, and that proposed document is not part of the record.  Moreover, "the plain language of the Clean Water Act" indicates "that a citizen suit may not 'be commenced' before 60 days after the plaintiff has given notice of the alleged violation to the EPA, to the state in which the violation occurred, and to the alleged violator."  *Gaston Copper Recycling Corp.*, 629 F.3d at 398 (citing § 1365(b)(1)(A)).  Even if Plaintiff provided proper notice in May 2014, he was required to wait sixty days prior to commencing this suit.  Plaintiff filed this suit in April 2014, prior to the notification and expiration of the sixty day waiting period.  Accordingly, the Clean Water Act claims will be dismissed.

## II. Section 1983 Claims

Defendants contend that Plaintiff's Section 1983 claims should be dismissed pursuant to Federal Rule of Procedure 12(b)(6).[2]  ECF No. 25 at 17-19.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at

---

[1] Plaintiff does not indicate whether he provided notice to the State of South Carolina and the alleged violator as required by § 1365(b)(1)(A)(ii)-(iii).

[2] Although the Magistrate Judge recommended that the Section 1983 claims be dismissed on abstention grounds, the Court declines to adopt this portion of the Report and Recommendation. The abstention doctrines referenced are particularly nuanced and were never briefed by the parties.

556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In making this determination, the district court must assume that all well-pled facts are true and draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). However, the court is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). A complaint need not assert "detailed factual allegations;" however, it must contain "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly,* 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, the court may consider the complaint and documents attached to the complaint. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing Fed. R. Civ. P. 10(c)). Further, the court may consider material outside the complaint if such material is "integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted). Further, the court may consider facts properly subject to judicial notice. *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).

"Under 42 U.S.C. § 1983, a plaintiff must establish three elements to state a cause of action: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). Plaintiff's Complaint merely alleges that Defendants "knew or reasonably should have known that their actions and practices

towards Plaintiff violate the 4th, 5th, and 14th Amendments of the U.S. Constitution." *Id.* ¶ 88.  Although the Amended Complaint contains a long (and rambling) recitation of facts, it fails to identify the specific "actions and practices" of Defendants that form the factual basis of the constitutional violations.  Further, Plaintiff fails to even identify the specific rights covered by the three Amendments that were allegedly violated.  To survive a motion to dismiss, the Complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation omitted).  Here, Plaintiff has failed to do so and the Section 1983 claims will be dismissed for failure to state a claim.[3]

### III. Section 1985 Claims

42 U.S.C. § 1985 is mentioned only in passing within the jurisdiction and venue portion of the Amended Complaint.  ECF No. 18 ¶¶ 8-9.  To the extent that Plaintiff intended to raise a Section 1985 claim, he failed to identify the specific provision of Section 1985 implicated, as well as the factual basis.  As with the Section 1983 claims, any Section 1985 claims must be dismissed pursuant to Rule 12(b)(6).

### IV. State Law Claims

The Amended Complaint makes a few vague references to violations of South Carolina law.  *See* ECF No. 18 ¶¶ 8, 28, 85.  More specifically, Plaintiff alleges that "[a]s a result of Stehney's actions in collecting public surface water through stormwater basins and building berms to impound such water for his personal use . . . the property at PIN / Tax Map # 0594030103100 is perpetually flooded and incapable of draining in

---

[3] This case illustrates "the difficult problems raised when *pro se* litigants only vaguely identify potential legal issues in the controversy at hand." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).  The Court recognizes that "these litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law," but a district court cannot be "required to conjure up and decide issues never fairly presented," or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1276, 1278.

contravention of South Carolina statute 49-11-10." *Id.* ¶ 56. Plaintiff alleges that Mark Schafer is the owner of the neighboring property flooded by Stehney's berms. *Id.* ¶ 70.

S.C. Code Ann. § 49-11-10 states: "No person shall be permitted or allowed to make or keep up any dam or bank to stop the course of any waters so as to overflow the lands of another person without the consent of such person first had and obtained nor shall any person be permitted or allowed to let off any reserved water to injure the crops upon the grounds of other persons." Here, Plaintiff alleges that Stehney flooded Mark Schafer's property. There is no allegation that Plaintiff's property has been flooded by Stehney. Thus, Plaintiff has failed to allege any actionable injury. In addition, Stehney is not a party to this suit and Plaintiff has not alleged that Stehney was acting on behalf of any Defendant in constructing the berms.[4]

Similarly, Plaintiff alleges that Stehney trespassed on Plaintiff's property. ECF No. 18 ¶ 39. However, there is no allegation that any Defendant trespassed or that Stehney trespassed on behalf of any Defendant in this case. In summary, the Amended Complaint fails to adequately set forth any claims under state law. Therefore, the state law claims are subject to dismissal pursuant to Rule 12(b)(6).

## **CONCLUSION**

For the reasons stated above, the Report and Recommendation is ADOPTED IN PART, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Motion for Joinder is

---

[4] Plaintiff merely alleges that Defendants "knew or reasonably should have known" that Stehney's berms were flooding neighboring properties and tacitly approved of Stehney's actions. ECF No. 18 ¶¶ 85, 90.

DENIED as moot.  Plaintiff's claims are DISMISSED WITHOUT PREJUDICE[5] and the Clerk is directed to TERMINATE this case.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

March 19, 2015
Anderson, South Carolina

---

[5] The Court recognizes that Defendants seek dismissal with prejudice. However, given that Plaintiff is proceeding *pro se* and his Amended Complaint "represent[s] the work of an untutored hand," dismissal without prejudice is the more sensible course of action.  See *Beaudett*, 775 F.2d at 1277.